IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID MOUA, : CIVIL ACTION
                    Petitioner, :
                    :
v. :
                    : 09-762
                    :
RANDALL BRITTEN, et al., :
                    Respondents. :

## ORDER

AND NOW, this 10th day of March, 2010, upon careful and independent consideration of David Moua's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), the Respondents' Answer in Opposition (Doc. No. 6), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 8), and Mr. Moua's Objections to the Report and Recommendation (Doc. No. 11), and Mr. Moua's state court record, it is ORDERED that:

    1.    Mr. Moua's Objections (Doc. No. 11) are OVERRULED.[1]

---

[1] In her Report and Recommendation ("R&R"), Magistrate Judge Moore Wells recommends that Mr. Moua's Petition for Writ of Habeas Corpus should be denied. Because Petitioner filed Objections to the R&R, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).
    The Court has independently and thoroughly reviewed Mr. Moua's state court record, and has considered Mr. Moua's arguments and factual assertions submitted to the Court in his habeas petition and his Objections. For the most part, Mr. Moua's Objections are not responsive to the R&R, as they consist of arguments previously made in his habeas petition, conclusory disagreements with the recommendations, and lengthy citations to general legal principles. Mr. Moua's primary objections appear to be that (1) Judge Moore Wells improperly recommends that his petition be dismissed because he procedurally defaulted on all of his grounds for relief, and (2) that his procedural default should be excused anyway because it would be a miscarriage of justice if this Court did not review his claims. (See Obj. at 5.) To the extent he is making these objections, however, he is both factually and legally incorrect. In fact, Judge Moore Wells concluded that only one of Mr. Moua's four general grounds for relief - that counsel was ineffective for failing to move for a continuance (the "continuance claim") - was procedurally defaulted. (R&R at 7-8.)

2. The Report and Recommendation (Doc. No. 8) is APPROVED AND ADOPTED.

3. Mr. Moua's Petition (Doc. No. 1) is DENIED.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court is instructed to mark this case CLOSED for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Further, based on this Court's independent review, the Court holds that the continuance claim is procedurally defaulted and must be dismissed. The record indicates that Mr. Moua first raised the continuance claim in his amended PCRA petition. The trial court found Mr. Moua's continuance claim to be bald, boilerplate, and without support. The Superior Court found that Mr. Moua waived the claim by failing to properly brief the issue. 2008 Super. Ct. Op. at 4. Because the state court refused to consider Mr. Moua's continuance claim because he violated state procedural rules, this claim is procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

As noted by Judge Moore Wells, procedural default will be excused where "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001). To show cause, Mr. Moua must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Coleman, 501 U.S. at 753. To show a fundamental miscarriage of justice, Mr. Moua must demonstrate that he is actually innocent of crime by presenting new evidence of actual innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Mr. Moua fails to assert any cause for his procedural default. He also fails to provide any new evidence of actual innocence to prove that a fundamental miscarriage of justice will result if the continuance claim is not reviewed by this Court.

Thus, because the Court finds that Judge Moore Wells' analysis was appropriate and that the conclusions she reached were correct, Mr. Moua's Objections are overruled, the R&R is approved and adopted, and Mr. Moua's Petition for Writ of Habeas Corpus is denied.